■ GEORGE ENGSTROM, Respondent, v JAMES KERR, Individually and as Administrator of Emergency Medical Services, Appellant.—In a proceeding pursuant to CPLR article 78, *inter alia,* to restrain appellant James Kerr, Administrator of the Emergency Medical Services (EMS) of the New York City Health and Hospitals Corporation (HHC) from terminating petitioner's employment as a probationary ambulance corpsman and a provisional ambulance corpsman paramedic with EMS, (1) petitioner seeks review, as limited by his brief, of so much of a determination of the HHC Personnel Review Board, dated March 15, 1984, as confirmed his termination as an EMS provisional ambulance corpsman paramedic; and (2) James Kerr appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Kassoff, J.), dated January 16, 1985, as directed that petitioner be reinstated to the position of an EMS probationary ambulance corpsman.

Determination of the HHC Personnel Review Board confirmed, insofar as reviewed, without costs or disbursements, and that branch of petitioner's supplemental verified petition which sought review of so much of a determination of the HHC Personnel Review Board dated March 15, 1984 which confirmed his termination as an EMS provisional ambulance corpsman paramedic dismissed on the merits.

Order and judgment dated January 16, 1985, affirmed, insofar as appealed from, without costs or disbursements.

Based upon an independent review of the record, we conclude that the determination of HHC's Personnel Review Board which upheld the termination of petitioner from the position of provisional ambulance corpsman paramedic with EMS is supported by substantial evidence. Accordingly, the board's determination is confirmed to that extent *(300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). We have reviewed petitioner's remaining contentions with respect to the propriety of the proceedings before the Board and find them to be without merit.

However, we agree with Special Term's conclusion that

petitioner is entitled to be reinstated to the position of an EMS probationary ambulance corpsman. Petitioner was appointed to the position of probationary ambulance corpsman in February 1981. Petitioner did not serve any portion of his one-year probationary term in that position because, at the time of his appointment, he was placed on immediate leave of absence by appellant in order that he could continue to serve as an EMS provisional ambulance corpsman paramedic. When petitioner's employment was terminated in September 1981 due to poor work performance, he had been serving only as a provisional ambulance corpsman paramedic. Accordingly, petitioner was entitled to revert to his probationary position as an ambulance corpsman. In fact, HHC's regulations specifically provide that upon appointment to a probationary position, an employee is entitled to a minimum probationary service of at least two months, after which his employment may be terminated at any time upon a showing of unsatisfactory work performance. During the minimum two-month probationary period, the employee may only be terminated upon a showing of "gross misconduct" (see, Personnel Rules and Regulations of the New York City Health and Hospitals Corporation § 5.2). Contrary to appellant's position, the evidence adduced at the Personnel Review Board's hearing to establish petitioner's poor work performance as a provisional ambulance corpsman paramedic did not support a finding of "gross misconduct" which would justify termination of his employment as a probationary ambulance corpsman. Mangano, J. P., Brown, Rubin and Lawrence, JJ., concur.